(90 App. Div. 417.)

HARVARD BREWING CO. v. SPERBER et al.

(Supreme Court, Appellate Division, Fourth Department. January 29, 1904.)

1. BOND—CONSTRUCTION—EXTENSION OF CREDIT.

A wholesaler, who had contracted with a brewing company to handle its goods exclusively, executed a bond for a specified sum to guaranty the company against loss from credit that might be extended or money advanced by it. It was afterwards discovered to be defective, in failing to specify a penalty. Thereupon he executed another bond, which recited that he was engaged in bottling and selling liquors, and purchased the same on credit in accordance with the agreement referred to, and that he was indebted to the company, and desired to obtain credit for the purchase of liquors, and was conditioned that he should "pay and liquidate for all beers and liquors furnished" by the company, and should "faithfully live up to the terms of the aforesaid agreement," and should "refund all moneys which may be advanced" by the company, "or moneys or credits extended to him." *Held,* that the last bond covered the debts and obligations incurred before as well as after its date.

Appeal from Trial Term, Monroe County.

Action by the Harvard Brewing Company against Arthur G. Sperber and others. There was a judgment for defendants, and plaintiff appeals. Reversed.

The action was commenced January 22, 1903, to recover the sum of $3,000 upon a bond executed by the defendant Arthur G. Sperber, as principal, and by his codefendants as sureties, bearing date the 29th day of April, 1902.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Porter M. French, for appellant.

C. C. Werner, for respondents.

McLENNAN, P. J. The plaintiff, a foreign corporation, is engaged in the manufacture and sale of ales and beers. The defendant Arthur G. Sperber at the times hereinafter mentioned was engaged in the business of bottling and selling to the trade malt liquors at Rochester, N. Y. On the 11th day of March, 1901, he entered into an agreement with the Harvard Brewing Company, in writing, by which he agreed to purchase goods manufactured by the plaintiff, at certain

prices, and to bottle and sell such goods exclusively. His agreement also contained the following provision:

"The party of the second part [the defendant Arthur G. Sperber] hereby agrees to furnish a good and sufficient bond with two sureties, in the sum of three thousand dollars ($3,000), to guarantee the said party of the first part [plaintiff] against all loss from the sale of said products, and from any credit that may be extended or money advanced by the party of the first part, in the establishment of the business of the party of the second part."

The learned trial court found that on or about the date of the execution of said agreement, to wit, the 11th day of March, 1901, the defendants, pursuant to the provisions of said agreement, executed and delivered to the plaintiff their certain bond, the conditions of which were identical with those of the bond upon which this action is founded; that after the lapse of several months, and shortly before the execution and delivery of the bond in suit, it was discovered that the bond first delivered was defective, in that it did not specify the penalty thereof, and that, for that reason alone, on the 6th day of May, 1902, the same was surrendered to the defendant Arthur G. Sperber, and that thereupon the defendants executed and delivered to the plaintiff the bond in suit, the recitals and conditions of which, so far as material in this discussion, read as follows:

"Whereas, Arthur G. Sperber is engaged in the bottling and wholesaling of malt liquors in the city of Rochester, State of New York, and wishes to continue to purchase beer and malt liquors of the Harvard Brewing Company of Lowell, Commonwealth of Massachusetts, and purchased the same upon credit from time to time, in accordance with the terms of an agreement made the 11th day of March, 1901, and duly executed by the said Harvard Brewing Company and the said Arthur G. Sperber; and

"Whereas, said Arthur G. Sperber is indebted to said Brewing Company and desires to obtain credit for the purchase of said malt liquors of the Harvard Brewing Company.

"Now, therefore, the condition of the obligation is such that if the bounded Arthur G. Sperber shall pay and liquidate for all beers and liquors furnished by the said Harvard Brewing Company that he purchases from time to time, and shall faithfully live up to the terms of the aforesaid agreement made and executed the 11th day of March, 1901, and refund all moneys which may be advanced by the said Harvard Brewing Company, or moneys or credits extended to him according to this obligation, then this obligation is to be void, otherwise to remain in full force, virtue and effect."

The trial court also found that between the date of the said agreement and the 6th day of May, 1902, the date of the delivery of the bond in suit, the plaintiff sold to the defendant Arthur G. Sperber goods to the amount of $4,569.31, no part of which has been paid, and also that the plaintiff sold and delivered to said Arthur G. Sperber, pursuant to the agreement between the parties, between the 6th day of May, 1902, and the 12th day of December, 1902, goods amounting to $2,248.91, to apply upon which certain sums had been specifically paid, amounting to the sum of $1,018.60, leaving due and unpaid thereon a balance of $1,230.31.

In his conclusions of law the learned trial justice determined that the defendants are not liable upon the bond in suit for any indebtedness of the defendant Arthur G. Sperber for goods sold and delivered to him pursuant to said agreement prior to the said 6th day of May, 1902, and that their liability must be held to cover only such debts

and obligations of said defendant as were incurred pursuant to said agreement from and after said date, and awarded judgment for the plaintiff for the unpaid balance of such indebtedness, to wit, $1,230.31, together with costs of the action. The plaintiff duly excepted to such conclusions, and the question involved therein is now before this court.

A reading of the agreement pursuant to which all the purchases and sales of goods between Sperber and the plaintiff were made, and particularly the provision thereof above quoted, shows that it contemplated that at some time in the future a "good and sufficient bond, with two sureties, in the sum of three thousand dollars," should be executed and delivered to the plaintiff to protect it against loss upon any and all obligations of Arthur G. Sperber contracted pursuant to said agreement. The trial court found as a fact that in furtherance of such agreement the defendants did furnish a bond containing the same recitals and conditions found in the bond in suit, but that the same was not "good and sufficient," but was defective, in that it failed to express the penalty for which the obligors were to be bound; that the same was for that reason thereafter surrendered to the principal obligor, who delivered to the plaintiff in exchange therefor the bond upon which this action was brought, which differs from the one originally delivered only in the single feature wherein the same was defective. There is no provision in the last-mentioned instrument by which the obligors sought to limit their liability to the debts and obligations incurred by the principal subsequent to the execution and delivery thereof; but, upon the contrary, the same recites the fact that "Arthur G. Sperber is engaged" in bottling and selling malt liquors, "and purchased the same upon credit from time to time, in accordance with the terms of an agreement made the 11th day of March, 1901; * * *" and further, "Whereas said Arthur G. Sperber is indebted to said Brewing Company and desires to obtain credit for the purchase of said malt liquors." After such recitals of facts, which were subsequently found by the trial court, the instrument expresses the condition of the obligation to be that:

"Arthur G. Sperber shall pay and liquidate for all beers and liquors furnished by the said Harvard Brewing Company * * * and shall faithfully live up to the terms of the aforesaid agreement, * * * and shall refund all moneys which may be advanced by said Harvard Brewing Company, or moneys or credits extended to him. * * *"

As we read the contract of the obligors, we are unable to see wherein it warrants the conclusion that it does not, in terms, embrace all liabilities of the principal, incurred pursuant to the agreement therein referred to, to the extent of $3,000.

In Belloni v. Freeborn, 63 N. Y. 383–388, the court, in declaring the obligations of sureties, uses this language:

"In guaranties, letters of credit, and other obligations of sureties, the terms used, and the language employed, are to have a reasonable interpretation, according to the intent of the parties as disclosed by the instrument, read in the light of the surrounding circumstances and the purposes for which it was made; * * * and, if the surety has left anything ambiguous in his expressions, the ambiguity [should] be taken most strongly against him."

If there be any question as to the construction to be given the bond in question, the language employed by the parties must be in-

terpreted by the court "in the light of the surrounding circumstances, and the purposes for which it was made." From the facts found by the trial court respecting the execution, delivery, and surrender of the first bond, and the execution and delivery of the bond in suit, the only inference deducible is that the latter instrument was executed and delivered by the defendants with the purpose and intent of substituting it for the former, and that the indemnity which was thereby sought to be afforded the plaintiff was for all obligations of the principal incurred in accordance with the agreement between him and the plaintiff, and which would have been embraced within the terms of the original bond. A different conclusion would impugn the good faith and honesty of the defendants, and charge them with an act of duplicity by which they should not be permitted to profit.

These considerations lead to the conclusion that the learned trial court committed error in limiting the liability of the defendants to those items of indebtedness contracted by Arthur G. Sperber subsequent to the execution and delivery of the bond in suit, and that the plaintiff should have been awarded judgment against the defendants for the total unpaid indebtedness of said Sperber, up to the amount of indemnity provided by said bond, to wit, the sum of $3,000.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only; the facts having been examined, and no error found therein. All concur.